## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **OLD NATIONAL BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. _____** |
| | ) | |
| **A. D. HALE a/k/a A. DANNY HALE** | ) | |
| **AND RANDALL HOFFMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Old National Bank ("ONB") for its complaint for breach of guaranty agreement, states:

### PARTIES

1.      ONB is a national banking association with its principal place of business in Evansville, Indiana.

2.      Defendant A. Danny Hale is an individual resident of Tennessee, who resides at and is domiciled in Sumner County, Tennessee, at 761 Plantation Blvd., Gallatin, TN 37066.

3.      Defendant Randall Hoffman is an individual resident of Tennessee, who resides at and is domiciled in Sumner County, Tennessee, at 1124 Plantation Blvd., Gallatin, TN 37066.

4.      The transactions that gave rise to this action were negotiated and executed in Nashville, Tennessee.

### JURISDICTION AND VENUE

5.      Jurisdiction to adjudicate this matter is vested in this Court pursuant to 28 U.S.C. § 1332. As described above, ONB and Mr. Hale and Mr. Hoffman are citizens of different states and the amount in controversy exceeds the amount of Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs, based on the amount alleged owed to Old National Bank.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and/or (2). Mr. Hale and Mr. Hoffman reside within this judicial district, and a substantial part of the events or omissions giving rise to this lawsuit occurred within this judicial district.

## FACTS

7.     ONB is the holder of a Promissory Note in the original principal amount of $5,900,000.00 dated effective as of June 5, 2008, as executed by ILVLB West, Inc. ("Borrower") in favor of Integra Bank National Association ("Integra") as subsequently modified or amended (as modified, the "Note").  A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

8.     To induce Integra to extend credit to Borrower under the Note, Mr. Hale and Mr. Hoffman executed that certain Guaranty Agreement dated effective as of June 5, 2008 (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit B and incorporated herein by reference.

9.     Pursuant to the Guaranty, Mr. Hale and Mr. Hoffman unconditionally guaranteed due performance and prompt payment to ONB of the indebtedness evidenced by the Note in accordance with the terms thereof.

10.    Mr. Hale and Mr. Hoffman also executed that certain Guarantor Acknowledgment and Consent dated effective June 5, 2010 (the "Consent").  A true and correct copy of the Guaranty is attached hereto as Exhibit C and incorporated herein by reference.

11.    The Note and related loan documents were subsequently assigned to ONB by the Federal Deposit Insurance Corporation as receiver for Integra.

12.     Borrower defaulted under the Note by failing to make payments when due.

13.     ONB and Borrower, through its court-appointed receivers, entered into a Deed in Lieu Agreement dated February 10, 2014.

14.     After all credits due, Borrower is justly indebted to ONB under the Note in the principal amount of $1,127,623.62.

15.     The principal amount outstanding under Note plus accrued and accruing interest thereon, attorney fees, costs, and expenses, is referred to herein as the "Indebtedness."

16.     The Note obligates Borrower to pay all costs of collection and litigation, together with reasonable attorney fees, incurred and to be incurred to collect the Indebtedness.

17.     Demand was made upon Mr. Hale and Mr. Hoffman by letter dated April 15, 2015, a copy of which is attached hereto as Exhibit D and incorporated herein by reference.

18.     After demand, Mr. Hale and Mr. Hoffman did not satisfy their obligations under the Guaranty.

19.     Mr. Hale and Mr. Hoffman are obligated to pay to ONB the entire amount outstanding under the Note, plus attorney fees, court costs, and expenses, all of which continue to accrue.

## COUNT I – BREACH OF GUARANTY

20.     ONB incorporates by reference the above allegations.

21.     Mr. Hale and Mr. Hoffman entered into the Guaranty, a valid and enforceable contract, under which they personally guaranteed to pay the amounts due and owing to ONB under the Note.

22.     Mr. Hale and Mr. Hoffman breached the Guaranty by failing to honor their obligations under the Guaranty, even after demand for payment was made.

23.     Mr. Hale and Mr. Hoffman are personally liable for the amount outstanding under the Note, plus attorney fees, court costs, and expenses incurred and to be incurred to enforce the Guaranty and collect the outstanding Indebtedness.

24.     ONB is entitled to recover from Mr. Hale and Mr. Hoffman the total outstanding Indebtedness.

## PRAYER FOR RELIEF

WHEREFORE, ONB requests that judgment be entered in its favor against Mr. Hale and Mr. Hoffman in an amount equal to the outstanding balance of the Note as of the date of entry of judgment, plus an award of attorney fees and expenses incurred and to be incurred to collect the outstanding Indebtedness, plus court costs, plus an award of post-judgment interest, and that this Court grant such other and further relief as may be just and proper.

Respectfully submitted,

November 13, 2015                    /s/Erika R. Barnes
                                     Erika R. Barnes (BPR #028628)
                                     STITES & HARBISON, PLLC
                                     401 Commerce Street, Suite 800
                                     Nashville, TN 37219-2376
                                     (615) 782-2252  Fax:  (615) 742-0734
                                     ebarnes@stites.com
                                     *Attorney for Old National Bank*